# EXHIBIT A



Justice Catalyst Law

Sparking Collaborations for Justice

July 22, 2021

Sirchie Acquisition Company, LLC
100 Hunter Place
Youngsville, NC 27596

2626 Glenwood Avenue, Suite 550
Raleigh, NC 27608

*Re: Sirchie's Violations of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A*

To whom it may concern,

We represent James P. McKenna and Julian Green, acting on behalf of classes of all others similarly situated, concerning violations of the Massachusetts Consumer Protection Act, Massachusetts General Laws, Chapter 93A, by Sirchie Acquisition Company, LLC ("Sirchie").

Section 93A instructs that a claim filed in Court for relief under that statute must be preceded by a demand letter only if the entity has both a place of business and assets within Massachusetts. *See* M.G.L. ch. 93A, § 9(3). After diligent inquiry, we were unable to identify a place of business and/or assets maintained by Sirchie in Massachusetts, so a demand letter is not required by statute.[1] Nevertheless, in the interest of giving Sirchie an opportunity to resolve the concerns of our clients, including ceasing and desisting from violations immediately, we make this written demand in compliance with the procedure set forth in Section 93A.

Sirchie manufactures, markets, and/or sells field drug tests, including its NARK 20023 "synthetic cannabinoid" tests, directly or indirectly to the Massachusetts Department of Corrections ("DOC"). The DOC relies on Sirchie to provide instructions and training materials for the use of its tests. Sirchie has engaged in unfair and deceptive practices related to the design, manufacture, and sale of its field drug tests, as well as the marketing, instructions, and training provided to users with those products.

James McKenna, a criminal defense attorney residing in Massachusetts, was falsely accused in August 2018 of sending synthetic cannabinoids to his client incarcerated within the Massachusetts DOC based on a false positive finding from a Sirchie test. He suffered both reputational and direct monetary harm and damages as a result.

Julian Green is currently incarcerated at MCI-Norfolk. In November 2019, Mr. Green was falsely accused of receiving synthetic cannabinoids on his legal mail based on a false positive finding from a Sirchie test. He suffered serious punishment and harm as a result.

---

[1] If Sirchie does, in fact, maintain a place of business and assets within Massachusetts, please provide us with that information and support for those facts.

Sirchie's violations of the Massachusetts Consumer Protection Act include but not are limited to:

    a) Manufacturing and selling an unreliable and/or defective drug-testing product to the DOC with an unacceptably high false positive and/or false negative rate;

    b) Failing to provide adequate or complete disclosures and warnings along with its field drug tests, including specifically disclosing to the DOC the high incidence of false positives generated by Sirchie field tests; and

    c) Providing false, misleading, incomplete and/or inadequate statements, instructions, and training materials about the capabilities of Sirchie field tests, including but not limited to Sirchie "NARK" tests, for use by the DOC to "identify" accurately or reliably the presence of drugs, including synthetic cannabinoids.

As a result of Sirchie's commercial conduct, Mr. McKenna and Mr. Green and the respective classes of legal professionals and incarcerated persons similarly situated to them have suffered substantial damages and injuries, flowing from the accusations and punishments—including the imposition of serious confinement and interference with the exercise of protected constitutional rights of access to counsel—imposed on them from the foreseeable deficiencies and inadequacies of Sirchie field tests. Sirchie is liable for these unfair and deceptive practices.

On behalf of Mr. McKenna and Mr. Green and the classes of persons similarly situated to them, we request relief for the harms they have suffered. We specifically request that Sirchie immediately cease and desist from selling or providing its field test products to the DOC or any other law enforcement agency or entity in Massachusetts.

We will consider meaningful offers within thirty days of your receipt of this demand letter to redress the injuries described herein and prevent future violations and harm. Section 93A provides that relief for violations may include treble damages, costs, and reasonable attorneys' fees.  M.G.L. ch. 93A, § 9.

We look forward to hearing from you.

                    Sincerely,

                    Alice Buttrick
                    Justice Catalyst Law, Inc.
                    123 William St., 16th Floor
                    New York, NY 10038
                    (646) 899-1527 tel.
                    abuttrick@justicecatalyst.org