IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN GREEN, EUGENE IVEY, JAMES P. MCKENNA, and LISA NEWMAN-POLK, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>       v.<br><br>SIRCHIE ACQUISITION CO. LLC and PREMIER BIOTECH, INC.,<br><br>              Defendants. | Case No. 1:21-cv-11504 |

## JOINT RULE 26(F) REPORT AND PROPOSED SCHEDULING ORDER

Pursuant to Local Rule 16.1, Federal Rule of Civil Procedure 26(f), and this Court's September 20, 2021 Notice of Scheduling Conference, Plaintiffs Julian Greene, Eugene Ivey, James P. McKenna, and Lisa Newman-Polk ("Plaintiffs") and Defendants Sirchie Acquisition Co. LLC ("Sirchie") and Premier Biotech, Inc. ("Premier" and, with Sirchie, the "Defendants") hereby submit the following report and proposed schedule.

## NATURE OF THE CASE

Plaintiffs Green and Ivey were currently or formerly incarcerated in facilities managed by the Massachusetts Department of Correction (the "DOC"). Plaintiffs McKenna and Newman-Polk are Massachusetts attorneys who represent people incarcerated in such facilities. Defendant Sirchie is a Delaware corporation headquartered in North Carolina that, among other things, manufactures and sells the NARK 20023 drug test, which it advertises as being able to identify synthetic cannabinoids. Defendant Premier is incorporated and headquartered in Minnesota. In relevant part, Premier markets and sells Sirchie's NARK 20023 drug test to the DOC for use on legal mail addressed to incarcerated people.

Plaintiffs allege that the NARK 20023 tests are faulty and have caused them injury. Specifically, Plaintiffs Green and Ivey each allege that they were wrongfully punished, including

1

by being placed in disciplinary confinement, because of a false positive NARK 20023 test result on legal mail addressed to them.  Plaintiffs McKenna and Newman-Polk each allege that they were wrongfully accused of attempting to smuggle synthetic cannabinoids into DOC facilities based on false positive NARK 20023 test results on mail they had sent to their incarcerated clients.

Plaintiffs seek certification of a Recipient Class and a Sender Class, as defined in the First Amended Class Complaint (the "Complaint").  On behalf of the respective Classes, Plaintiffs advance claims against both Sirchie and Premier for negligence and for violation of the Massachusetts Consumer Protection Law, General Laws Chapter 93A.

Defendants deny all of Plaintiffs' claims.

### MATTERS TO BE DISCUSSED AT SCHEDULING CONFERENCE

The Defendants have filed or will file motions to dismiss the Complaint. Defendants believe that discovery in this matter should be stayed pending resolution of the Defendants' respective Motions to Dismiss. Defendants also believe that individual discovery should be conducted before class discovery when the discovery phase of the litigation commences.

For the reasons that will be set out in detail in Plaintiffs' forthcoming oppositions, Plaintiffs believe that Defendants' Motions lack merit and, in any event, the mere filing of a motion to dismiss is not grounds for a stay of discovery under either the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the District of Massachusetts.  Discovery should therefore proceed on all claims.  Plaintiffs further believe that phased discovery would decrease, rather than increase, efficiency of the discovery process and would not enhance the opportunity for early resolution.  Plaintiffs intend to file motions for class certification at the appropriate time, once the issues are fully developed.

## PROPOSED DISCOVERY PLAN AND MOTION SCHEDULE

### 1.  Subjects, Timing, and Phasing of Discovery and Timing of Dispositive Motions

The parties anticipate discovery concerning, but not limited to, the topics raised in the Complaint and any topics raised in Defendants' Answers, including any affirmative defenses and counterclaims. Sirchie believes that conducting discovery in phases will enhance the opportunity for early resolution as it is the position of Sirchie that some of the representative Plaintiffs lack standing.  The parties agree that the Federal Rules of Civil Procedure shall govern discovery in this proceeding.

Defendants believe that, in order to conserve party and judicial resources, discovery shall be stayed pending the resolution of Defendants' motions to dismiss. Defendants respectfully submit that they would like to discuss such a stay at the Scheduling Conference with the Court. Defendants also believe that individual discovery should take place first before class discovery and would like to discuss such phased litigation at the Scheduling Conference with the Court.

Plaintiffs intend to oppose any stay of discovery and believe that the most efficient course is for discovery proceed according the schedule set out below.  In light of the nature of the well-pleaded allegations in the Complaint, Plaintiffs further believe that phased discovery will not present any benefits or enhance the opportunity for early resolution.  Instead, phased discovery will ultimately *increase* the burden and costs associated with discovery in this case.

As to the timing of discovery and dispositive motions, the parties propose the following schedule:

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date[1] |
|---|---|---|
| Deadline for Rule 26(a)(1) Initial Disclosures | October 29, 2021 | November 5, 2021 |
| Deadline for Completion of Fact Discovery | April 15, 2022 | June 15, 2022 |
| Deadline for Designation of Affirmative Experts and Disclosure of Expert Reports | May 30, 2022 | July 30, 2022 |
| Deadline for Designation of Rebuttal Trial Experts and Disclosure of Expert Reports | June 24, 2022 | September 30, 2022 |
| Deadline for Completion of Expert Discovery, Including Depositions | July 22, 2022 | October 30, 2022 |
| Deadline for Plaintiffs' Motion for Class Certification | September 2, 2022 ||
| Deadline for Dispositive Motions | November 18, 2022 | December 18, 2022 |

## 2.   Discovery of Electronically Stored Information (ESI)

The parties have discussed the need to preserve electronically stored information ("ESI") and have alerted those persons most likely to have relevant information of the need to preserve it. The discovery of ESI shall proceed in accordance with the Federal Rules of Civil Procedure. The parties will negotiate and enter into an appropriate agreement concerning ESI production protocol consistent with applicable standards for electronic discovery and production of metadata.

---

[1] Defendants set out their proposed schedule without prejudice to their ability to seek a stay of discovery during the pendency of their filed or contemplated Motions to Dismiss.

3. **Miscellaneous Issues**

The parties will negotiate the form of an appropriate protective order (a confidentiality agreement) and will either submit a jointly proposed protective order for the Court's review and entry, or will file a motion for entry of such an order if the parties cannot agree on the form.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the paties consent to service by electronic means. Service of filings will be made via the Court's CM/ECF system. For all other documents, service shall be made to the e-mail addresses for counsel that are set forth on the Court's electronic docket.

### AMENABILITY TO TRIAL MAGISTRATE JUDGE

The parties do not believe that this case is suitable to trial by Magistrate Judge.

### LOCAL RULE 16.1(D)(3) CERTIFICATIONS

Counsel for each party will confer with their client(s) pursuant to Local Rule 16.1(d)(3) and will independently file their Certificates of Compliance.

Dated: October 13, 2021

By: */s/ Ellen Leonida*

Ellen Leonida*
Matthew Borden*
Christman Rice*
Eric Schlabs*
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel. & Fax: (415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
rice@braunhagey.com
schlabs@braunhagey.com

Janet Herold (BBO No. 632479)
Benjamin Elga (BBO No. 697933)
**Justice Catalyst Law, Inc.**
123 William St., 16th Floor
New York, NY 10038
Tel: (518) 732-6703
jherold@justicecatalyst.org
belga@justicecatalyst.org

Max D. Stern (BBO No. 479560)
Lorraine Belostock (BBO No. 692183)
**Todd & Weld LLP**
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
mdstern@toddweld.com
lbelostock@toddweld.com

**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Kenneth B.Walton*

Kenneth B. Walton (BBO No. 562174)
**Lewis Brisbois Bisgaard & Smith LLP**
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3936
ken.walton@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT
SIRCHIE ACQUISITION CO. LLC**

By: */s/ Devon C. Holstad*

Devon C. Holstad*
Joseph M. Windler*
**Winthrop & Weinstine, P.A.**
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Tel: (612) 604-6400
dholstad@winthrop.com
jwindler@winthrop.com

Michael A. DeIulis (BBO No. 691495)
Shepard Davidson (BBO No. 557082)
**Burns & Levinson LLP**
125 High Street
Boston, MA 02110
Tel: (617) 345-3356
mdeiulis@burnslev.com
sdavidson@burnslev.com

**ATTORNEYS FOR DEFENDANT
PREMIER BIOTECH, INC.**

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I, Ellen Leonida, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 13, 2021.

*/s/ Ellen Leonida*
Ellen Leonida
