UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN GREEN, EUGENE IVEY, JAMES P. MCKENNA, and LISA NEWMAN-POLK, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br>vs.<br><br>SIRCHIE ACQUISITION CO. LLC, PREMIER BIOTECH, INC.,<br><br>      Defendants. | Civil Action No. 1:21-cv-11504-GAO<br><br>**DEFENDANT PREMIER BIOTECH, INC.'S ANSWERS TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND CROSS-CLAIMS**<br><br>**JURY TRIAL REQUESTED** |

Defendant Premier Biotech, Inc. ("Premier") files the following Answer to Plaintiffs Julian Green's and Eugene Ivey's, on behalf of themselves and those similarly situated, First Amended Complaint ("First Amended Complaint")[1], in support thereof as follows:

## ANSWER

Premier denies each and every allegation, matter and thing alleged in Plaintiffs' First Amended Complaint, including the section headings contained herein, unless hereinafter specifically admitted or otherwise qualified.

## INTRODUCTION

1. Denied.

2. Denied.

3. Premier lacks sufficient information to respond to the allegations in Paragraph 3, particularly as to the actions of the Massachusetts DOC.

---

[1] Claims by James P. McKenna and Lisa Newman-Polk were dismissed by the Court's September 28, 2022 Order on Premier's Motion to Dismiss.

4. Premier lacks sufficient information to respond to the allegations by Plaintiffs Ivey and Green in Paragraph 4. The claims by Plaintiffs McKenna and Polk have been dismissed by the Court so no response is necessary to the claims by Plaintiffs McKenna and Polk in this Answer.

## JURISDICTION AND VENUE

5. Admitted.

## PARTIES

6. Premier lacks sufficient information to respond to the allegations in Paragraph 6.

7. Premier lacks sufficient information to respond to the allegations in Paragraph 7.

8. The Court has dismissed Plaintiff McKenna's claims and so no response is necessary to the allegations in Paragraph 8.

9. The Court has dismissed Plaintiff Polk's claims and so no response is necessary to the allegations in Paragraph 9.

10. Premier lacks sufficient information to respond to the allegations in the first sentence of Paragraph 10. Premier admits the remaining allegations in Paragraph 10.

11. Premier lacks sufficient information to respond to the allegations in Paragraph 11.

12. Admitted.

13. Admitted that Premier contracted with the Massachusetts DOC to sell NARK II products to the Massachusetts DOC. All other allegations in Paragraph 13 are denied.

## FACTS

**A.  Sirchie's Tests**

14. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 14.

15. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 15.

16. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 16.

17. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 17.

### 1. Sirchie's NARK 20023 Tests Yield a High False Positive Rate

18. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 18.

19. Because this allegation relates to the Massachusetts DOC's actions and knowledge, Premier lacks sufficient information to respond to the allegations in Paragraph 19.

20. Because this allegation relates to Sirchie's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 20.

21. Because this allegation relates to Sirchie's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 21.

22. Because this allegation relates to Sirchie's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 22.

### 2. Sirchie's NARK 20023 Tests Cannot Identify Most Synthetic Cannabinoids in Circulation

23. Premier lacks sufficient information to respond to the allegations in Paragraph 23.

24. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 24.

25. Premier lacks sufficient information to respond to the allegations in Paragraph 25.

26. Premier lacks sufficient information to respond to the allegations in Paragraph 26.

### B. Sirchie's Inadequate Training

27. Because this allegation relates to Sirchie's and the DOC's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 27.

28. Because this allegation relates to Sirchie's actions and statements, Premier lacks sufficient information to respond to the allegations in Paragraph 28.

### C. Premier Biotech Sells Sirchie Tests to the DOC

29. Admitted that Premier Biotech contracted with the DOC for the DOC to purchase Sirchie's NARK 20023 tests. The DOC's bid solicitations and Premier's bid submission materials speak for themselves and thus no response is required to the remaining allegations in Paragraph 29. To the extent a response is required, the remaining allegations in Paragraph 29 are denied.

30. The DOC's bid solicitation materials speak for themselves and thus no response is required to the allegations Paragraph 30. To the extent a response is required, the allegations in Paragraph 30 are denied.

31. The DOC's bid solicitation materials speak for themselves and thus no response is required to the allegations Paragraph 31. To the extent a response is required, the allegations in Paragraph 31 are denied.

32. The "records produced by the DOC in response to a public records request" speak for themselves and thus no response is required to the allegations Paragraph 32. To the extent a response is required, the allegations in Paragraph 32 are denied.

### D. Sirchie and Premier Biotech Know or Should Have Known that the DOC is Imposing Punishment Solely on the Basis of Sirchie's Faulty Tests

33. Because this allegation relates to the DOC's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 33.

34. Because this allegation relates to the DOC's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 34.

35. Because this allegation relates to Sirchie's knowledge and the DOC's actions, Premier lacks sufficient information to respond to the allegations in Paragraph 35.

36. Denied.

37. Denied.

38. Denied.

E. **Plaintiffs and Plaintiff Classes Have Suffered Substantial Injuries as a Result of Defendants' Wrongful Conduct**

    1. **The DOC used Sirchie's test to falsely accuse Mr. McKenna, a preeminent defense attorney, of sending drugs to a client**

39. Premier lacks sufficient information to respond to the allegations in Paragraph 39.

40. Premier lacks sufficient information to respond to the allegations in Paragraph 40.

41. Premier lacks sufficient information to respond to the allegations in Paragraph 41.

42. Premier lacks sufficient information to respond to the allegations in Paragraph 42.

43. Premier lacks sufficient information to respond to the allegations in Paragraph 43.

44. Premier lacks sufficient information to respond to the allegations in Paragraph 44.

45. Premier lacks sufficient information to respond to the allegations in Paragraph 45.

46. Premier lacks sufficient information to respond to the allegations in Paragraph 46.

47. Premier lacks sufficient information to respond to the allegations in Paragraph 47.

48. Premier lacks sufficient information to respond to the allegations in Paragraph 48.

49. Premier lacks sufficient information to respond to the allegations in Paragraph 49.

50. Premier lacks sufficient information to respond to the allegations in Paragraph 50.

51. Premier lacks sufficient information to respond to the allegations in Paragraph 51.

> **2. The DOC used Sirchie's test to falsely accuse and punish Plaintiff Green for legal mail sent by the Boston College Innocence Program**

52. The allegations in Paragraph 52 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

53. The allegations in Paragraph 53 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

54. The allegations in Paragraph 54 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

55. The allegations in Paragraph 55 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

56. The allegations in Paragraph 56 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

57. The allegations in Paragraph 57 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

58. The allegations in Paragraph 58 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

59. The allegations in Paragraph 59 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

60. The allegations in Paragraph 60 relate to the actions by the DOC and Plaintiff Green, and therefore Premier lacks sufficient knowledge to respond.

> **3. The DOC used Sirchie's test to falsely accuse Plaintiff Newman-Polk of sending drugs to her client, Plaintiff Ivey, resulting in his immediate punishment and jeopardizing a favorable parole decision**

61. The allegations in Paragraph 61 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

62. Premier lacks sufficient information to respond to the allegations in Paragraph 62.

63. Premier lacks sufficient information to respond to the allegations in Paragraph 63.

64. The allegations in Paragraph 64 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

65. The allegations in Paragraph 65 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

66. Premier lacks sufficient information to respond to the allegations in Paragraph 66.

67. The allegations in Paragraph 67 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

68. Premier lacks sufficient information to respond to the allegations in Paragraph 68.

69. The allegations in Paragraph 69 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

70. The Court has dismissed the claims by Plaintiff Polk, and therefore no response is necessary to any claims by Plaintiff Polk in Paragraph 70. Furthermore, Paragraph 70 references a letter which speaks for itself.

71. The allegations in Paragraph 71 relate to the actions by the DOC and Plaintiff Ivey, and therefore Premier lacks sufficient knowledge to respond.

## **CLASS ALLEGATIONS**

72. Denied.

73. Paragraph 73 states a desire by Plaintiffs and therefore no response is required. Premier denies that any class should be certified.

74. Paragraph 74 states a desire by Plaintiffs and therefore no response is required. Premier denies that any class should be certified.

75. Paragraph 75 states a desire by Plaintiffs and therefore no response is required. Premier denies that any class should be certified.

76. Paragraph 76 states a desire by Plaintiffs and therefore no response is required. Premier denies that any class should be certified.

    **A.**    **Each Class meets the requirements for certification**

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

**COUNT I**
<u>Negligence</u>
<u>On Behalf of the Recipient Class and the Sender Class</u>
<u>Against Defendant Sirchie</u>

85. Premier incorporates and restates its responses to the allegations in Paragraphs 1-84 above.

86. The allegations in Paragraph 86 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 86.

87. The allegations in Paragraph 87 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 87.

88. The allegations in Paragraph 88 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 88.

89. The allegations in Paragraph 89 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 89.

## COUNT II
### Negligence
### On Behalf of the Recipient Class and the Sender Class
### Against Defendant Premier Biotech

90. Premier incorporates and restates its responses to the allegations in Paragraphs 1-89 above.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## COUNT III
### Violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ch. 93A
### On Behalf of the Recipient Class and the Sender Class
### Against Defendant Sirchie

96. Premier incorporates and restates its responses to the allegations in Paragraphs 1-95 above.

97. The allegations in Paragraph 97 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 97.

98. The allegations in Paragraph 98 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 98.

99. The allegations in Paragraph 99 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 99.

100. The allegations in Paragraph 100 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 100.

101. The allegations in Paragraph 101 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 101.

102. The allegations in Paragraph 102 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 102.

103. The allegations in Paragraph 103 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 103.

104. The allegations in Paragraph 104 relate to Sirchie and therefore Premier lacks sufficient knowledge to respond to Paragraph 104.

**COUNT IV**
Violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ch. 93A
On Behalf of the Recipient Class and the Sender Class
Against Defendant Premier Biotech

105. Premier incorporates and restates its responses to the allegations in Paragraphs 1-104 above.

106. Admitted that Premier marketed and sold Sirchie's NARK II tests to the DOC. Denied that such actions subject Premier to Mass. Gen. Laws Ch. 93A.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. The allegations in Paragraph 111 relate to statements made in Exhibit B to the Amended Complaint, which Exhibit B speaks for itself. Therefore, no response is necessary to Paragraph 111. To the extent a response is necessary, Premier denies the allegations made in Exhibit B.

112. The allegations in Paragraph 112 relate to statements made in Exhibit B to the Amended Complaint, which Exhibit B speaks for itself. Therefore, no response is necessary to Paragraph 112. To the extent a response is necessary, Premier denies the allegations made in Exhibit B.

113. The allegations in Paragraph 113 relate to statements made in Exhibit B to the Amended Complaint, which Exhibit B speaks for itself. Therefore, no response is necessary to Paragraph 113. To the extent a response is necessary, Premier denies the allegations made in Exhibit B.

**PRAYER FOR RELIEF**

114. No response is required to Plaintiffs' Prayer for Relief.

**AFFIRMATIVE DEFENSES**

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to suffer any damages and/or failed to mitigate their damages, if any.

3. Plaintiffs' claims are barred because the actions of other parties, including, but not necessarily limited to, Sirchie, the Massachusetts DOC, and individual DOC officers constitute intervening causes which preclude liability against Premier.

4. Plaintiffs' claims are barred by assumption of risk, contributory negligence, estoppel, illegality, laches, and res judicata.

5. Plaintiffs' claims may be barred, in whole or in part, by other affirmative defenses which will not be known until discovery is complete and Premier reserves the right to assert all other affirmative defenses which may become available during or following the completion of discovery.

## CROSS-CLAIM AGAINST DEFENDANT SIRCHIE

Premier asserts the following cross-claims against Defendant Sirchie pursuant to F.R.C.P. 13.

## FACTS COMMON TO CROSS-CLAIM

1. In or around 2017, Premier agreed to market and sell on behalf of Sirchie various NARK II products, including the products identified by Plaintiffs in the First Amended Complaint.

2. Pursuant to such agreement, Premier did market and sell various NARK II products to the Massachusetts DOC, including the products identified by Plaintiffs in the First Amended Complaint, from 2017 to 2022.

3. Premier did not manufacture any products sold to the Massachusetts DOC.

4. The NARK II products which were supplied to the Massachusetts DOC were manufactured by Sirchie. They are intended to be used for the "presumptive identification" of certain drugs. As "presumptive identification" tests, the tests are not intended to be used as conclusive evidence of the presence of drugs.

5. Premier submitted a bid to supply the NARK II products to the DOC and the DOC accepted it. Premier's bid was based on the information related to the manufacture, testing, and sale of the NARK II products provided by Sirchie.

## CROSS-CLAIM COUNT I (CONTRIBUTION AND INDEMNITY)

7. Premier restates and realleges the allegations contained in the Paragraphs above as though fully set forth herein.

8. Premier alleges that the damages alleged by Plaintiffs in its First Amended Complaint, if and to the extent they are proven at trial, were caused by Sirchie and/or their agents

and employees' negligence regarding the manufacture, production, marketing, sale, and/or training regarding the NARK II products identified in the First Amended Complaint.

9. If Plaintiffs suffered any injuries and/or damages as alleged in its First Amended Complaint, and to the extent not caused by Plaintiff's own fault or an intervening cause, such injuries and/or damages were caused by the negligence, breach of contract, breach of warranty, fault or other unlawful conduct of Sirchie regarding the manufacture, production, marketing, sale, and/or training regarding the NARK II products identified in the First Amended Complaint.

10. If Premier is found liable to Plaintiffs for any amount of injuries and/or damages, or are otherwise called upon to pay damages to Plaintiffs by way of settlement, verdict, judgment or compromise, liability for which Premier expressly denies, then Premier is entitled to contribution and/or indemnification from Sirchie for any such damages awarded to Plaintiffs.

11. The relationship between Premier and Sirchie is such that in the event any liability is found against Premier, such liability would be derivative of the negligence caused by Sirchie's actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant Premier Biotech, Inc. respectfully requests that this Honorable Court: 1) enter judgment in its favor and dismiss Plaintiffs' claims against Defendant Premier Biotech, Inc. with prejudice and costs; or, 2) in the event a judgment is entered against P Premier Biotech, Inc., enter judgment against Sirchie and in favor of Premier Biotech, Inc. in the amount so determined at trial or by way of settlement, verdict, judgment or compromise, together with interest, disbursements, and reasonable attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

Defendant Premier Biotech, Inc. demands a trial by jury of all claims and cross-claims so triable.

Dated: October 24, 2022

*s/ Devon C. Holstad*
jwindler@winthrop.com
*Admitted Pro Hac Vice*
Devon C. Holstad, #559221 (NY)
dholstad@winthrop.com
*Admitted Pro Hac Vice*
WINTHROP & WEINSTINE, P.A.
225 South Sixth Street Suite 3500
Minneapolis, Minnesota 55402
(612) 604-6400

AND

Shepard Davidson (BBO#557082)
sdavidson@burnslev.com
Michael A. DeIulis (BBO#691495)
mdeiulis@burnslev.com
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
(617) 345-3000

*Attorneys for Defendant*
*Premier Biotech, Inc.*

## CERTIFICATE OF SERVICE

I, Devon C. Holstad, hereby certify that on October 24, 2022, I served the foregoing document on the parties, via ECF to counsel of record as follows:

| | |
|---|---|
| Ellen Leonida<br>Matthew Borden<br>Christman Rice<br>Eric Schlabs<br>BraunHagey & Borden LLP<br>351 California Street, 10th Floor<br>San Francisco, CA 94104<br>leonida@braunhagey.com<br>borden@braunhagey.com<br>rice@braunhagey.com<br>schlabs@braunhagey.com<br><br>Janet Herold<br>Benjamin Elga<br>Justice Catalyst Law, Inc.<br>123 William St., 16th Floor<br>New York, NY 10038<br>jherold@justicecatalyst.org<br>belga@justicecatalyst.or<br><br>Max D. Stern<br>Lorraine Belostock<br>Todd & Weld LLP<br>One Federal Street, 27th Floor<br>Boston, MA 02110<br>mdstern@toddweld.com<br>lbelostock@toddweld.com<br><br>*Attorneys for Plaintiffs Julian Green, Eugene Ivey, James P. McKenna, and Lisa Newman-Polk and the Classes* | Kenneth B. Walton, Esq.<br>LEWIS BRISBOIS BISGAARD & SMITH LLP<br>One International Place, Suite 350<br>Boston, MA 02100<br>Email: ken.walton@lewisbrisbois.com<br><br>*Attorneys for Sirchie Acquisition Co. LLC* |

                                                       */s/ Devon C. Holstad*
                                                       Devon C. Holstad, #559221 (NY)
                                                       *Admitted Pro Hac Vice*

24949918v1