## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JULIAN GREEN, EUGENE IVEY and JAMES P. MCKENNA, individually and on behalf of all others similarly situated,

　　　　　　　Plaintiffs,

v.

SIRCHIE ACQUISITION CO. LLC AND PREMIER BIOTECH, INC.,

　　　　　　　Defendants.

Docket No: 1:21-cv-11504

## SIRCHIE ACQUISITION CO. LLC'S ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS COMPLAINT, CROSS-CLAIM, AND JURY DEMAND

Defendant Sirchie Acquisition Co. LLC ("Sirchie") hereby responds to Plaintiffs Julian Green's and Eugene Ivey's First Amended Class Complaint, as follows:

### INTRODUCTION

1.　　　Denied.

2.　　　Denied.

3.　　　Denied.

4.　　　Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 4 of the First Amended Class

### JURISDICTION AND VENUE

5.　　　Admitted.

### PARTIES

6.　　　Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 6 of the First Amended Class Complaint.

7.      Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 7 of the First Amended Class Complaint.

8.      Mr. McKenna is no longer a plaintiff to this action.  Therefore, a response to Paragraph 8 of the First Amended Class Complaint is no longer required.

9.      Ms. Newman-Polk is no longer a plaintiff to this action.  Therefore, a response to Paragraph 9 of the First Amended Class Complaint is no longer required.

10.      Admitted to the extent that Sirchie is a Delaware corporation with a principal place of business in North Carolina. Sirchie denies the remaining allegations.

11.      Denied.

12.      Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 12 of the First Amended Class Complaint.

13.      Denied.

## FACTS

**A.  Sirchie's Test**

14.      Denied.

15.      Denied.

16.      Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 16 of the First Amended Class Complaint.

17.      Denied.

### 1.  Sirchie's NARK 20023 Tests Yield a High False Positive Rate

18.      Denied.

19.      Denied.

20.      Denied.

21.     Denied.

22.     Denied.

    **2.  Sirchie's NARK 20023 Tests Cannot Identify Most Synthetic
         Cannabinoids in Circulation**

23.     Denied.

24.     Denied.

25.     Denied.

26.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 26 of the First Amended Class Complaint.

**B.  Sirchie's Inadequate Training**

27.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 27 of the First Amended Class Complaint.

28.     Denied.

**C.  Premier Biotech Sells Sirchie Tests to the DOC**

29.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 29 of the First Amended Class Complaint.

30.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 30 of the First Amended Class Complaint.

31.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 31 of the First Amended Class Complaint.

32.     Sirchie is without sufficient knowledge to either admit or deny the allegations
contained in Paragraph 32 of the First Amended Class Complaint.

**D.  Sirchie and Premier Biotech Know or Should Have Known that the DOC is
     Imposing Punishment Solely on the Basis of Sirchie's Faulty Tests**

33.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 33 of the First Amended Class Complaint.

34.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 34 of the First Amended Class Complaint.

35.     Denied.

36.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 36 of the First Amended Class Complaint.

37.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 37 of the First Amended Class Complaint.

38.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 38 of the First Amended Class Complaint.

**E.  Plaintiffs and Plaintiff Classes Have Suffered Substantial Injuries as a Result of Defendants' Wrongful Conduct**

**1.  The DOC used Sirchie's test to falsely accuse Mr. McKenna, a preeminent defense attorney, of sending drugs to a client**

39.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 39 of the First Amended Class Complaint.

40.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 40 of the First Amended Class Complaint.

41.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 41 of the First Amended Class Complaint.

42.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 42 of the First Amended Class Complaint.

43.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 43 of the First Amended Class Complaint.

44.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 44 of the First Amended Class Complaint.

45.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 45 of the First Amended Class Complaint.

46.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 46 of the First Amended Class Complaint.

47.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 47 of the First Amended Class Complaint.

48.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 48 of the First Amended Class Complaint.

49.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 49 of the First Amended Class Complaint.

50.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 50 of the First Amended Class Complaint.

51.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of the First Amended Class Complaint.

**2.  The DOC used Sirchie's test to falsely accuse and punish Plaintiff Green for legal mail sent by the Boston College Innocence Program**

52.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 52 of the First Amended Class Complaint.

53.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 53 of the First Amended Class Complaint.

54.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 54 of the First Amended Class Complaint.

55.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 55 of the First Amended Class Complaint.

56.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 56 of the First Amended Class Complaint.

57.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 57 of the First Amended Class Complaint.

58.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 58 of the First Amended Class Complaint.

59.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 59 of the First Amended Class Complaint.

60.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 60 of the First Amended Class Complaint.

**3. The DOC used Sirchie's test to falsely accuse Plaintiff Newman-Polk of sending drugs to her client, Plaintiff Ivey, resulting in his immediate punishment and jeopardizing a favorable parole decision**

61.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 61 of the First Amended Class Complaint.

62.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 62 of the First Amended Class Complaint.

63.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 63 of the First Amended Class Complaint.

64.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 64 of the First Amended Class Complaint..

65.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 65 of the First Amended Class Complaint.

66.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 66 of the First Amended Class Complaint.

67.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 67 of the First Amended Class Complaint.

68.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 68 of the First Amended Class Complaint.

69.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 69 of the First Amended Class Complaint.

70.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 70 of the First Amended Class Complaint.

71.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 71 of the First Amended Class Complaint.

## CLASS ALLEGATIONS

72.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 72 of the First Amended Class Complaint.

73.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 73 of the First Amended Class Complaint.

74.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 74 of the First Amended Class Complaint.

75.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 75 of the First Amended Class Complaint..

76.     Sirchie is without sufficient knowledge to either admit or deny the allegations contained in Paragraph 76 of the First Amended Class Complaint.

**A.  Each Class meets the requirements for certification**

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

<u>**Count I**</u>

<u>Negligence</u>
<u>On Behalf of the Recipient Class and the Sender Class</u>
<u>Against Defendant Sirchie</u>

85.     Sirchie restates and incorporates herein its answers to Paragraphs 1 to 84 of the First Amended Complaint.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

<u>**Count II**</u>

8

<u>Negligence</u>
<u>On Behalf of the Recipient Class and the Sender Class</u>
<u>Against Defendant Premier Biotech</u>

90.     Sirchie restates and incorporates herein its answers to Paragraphs 1 to 89 of the First Amended Complaint.

91.     Sirchie neither admits nor denies the allegations contained in Paragraph 91 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

92.     Sirchie neither admits nor denies the allegations contained in Paragraph 92 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

93.     Sirchie neither admits nor denies the allegations contained in Paragraph 93 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

94.     Sirchie neither admits nor denies the allegations contained in Paragraph 94 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

95.     Sirchie neither admits nor denies the allegations contained in Paragraph 95 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said

allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

## COUNT III

Violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ch. 93A
On Behalf of the Recipient Class and the Sender Class
Against Defendant Sirchie

96.    Sirchie restates and incorporates herein its answers to Paragraphs 1 to 95 of the First Amended Complaint.

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

104.    Denied.

## COUNT IV

Violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws. Ch. 93A
On Behalf of the Recipient Class and the Sender Class
Against Defendant Premier Biotech

105.    Sirchie restates and incorporates herein its answers to Paragraphs 1 to 104 of the First Amended Complaint.

106.    Sirchie neither admits nor denies the allegations contained in Paragraph 106 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said

allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

107.     Sirchie neither admits nor denies the allegations contained in Paragraph 107 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

108.     Sirchie neither admits nor denies the allegations contained in Paragraph 108 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

109.     Sirchie neither admits nor denies the allegations contained in Paragraph 109 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

110.     Sirchie neither admits nor denies the allegations contained in Paragraph 110 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

111.     Sirchie neither admits nor denies the allegations contained in Paragraph 111 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

112.     Sirchie neither admits nor denies the allegations contained in Paragraph 112 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

113.     Sirchie neither admits nor denies the allegations contained in Paragraph 113 of the First Amended Complaint as said allegations do not pertain to Sirchie.   To the extent said allegations call for a responsive pleading they are denied and Sirchie calls upon Plaintiffs to prove the same.

WHEREFORE, Sirchie demands that Plaintiffs' First Amended Class Complaint against it be DISMISSED with prejudice, that Sirchie recovers its reasonable attorneys' fees and costs, and that the Court grant such further relief that it deems just and appropriate.

## Affirmative Defenses

### First Affirmative Defense

The First Amended Class Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

All claims are barred due to the statute of repose and/or the statute of limitations.

### Third Affirmative Defense

Plaintiffs' alleged damages were caused by the acts and/or omissions of third-parties over whom Sirchie exercised no control and for whose conduct Sirchie is not responsible.

### Fourth Affirmative Defense

Plaintiffs' claims are barred by the doctrines of laches, waiver and estoppel.

### Fifth Affirmative Defense

Plaintiffs' claims are barred or should be reduced due to the fact that Plaintiff failed to mitigate its damages, if any.

### Sixth Affirmative Defense

Plaintiffs' claims are barred due to the fact that no act or omission by Sirchie has caused Plaintiffs' damages, if any.

### Seventh Affirmative Defense

The injury or damage complained of was caused in whole or in part by the negligence of Plaintiffs and that such negligence equaled or exceeded any negligence on the part of Sirchie.

### Eighth Affirmative Defense

Plaintiffs' alleged damages were caused by a superseding, intervening act, which was beyond the knowledge and control of Sirchie.

### Ninth Affirmative Defense

Plaintiffs' claims are barred from recovery in whole or in part because of their own comparative negligence.

### Tenth Affirmative Defense

Plaintiffs' claims are barred as no duty is owed to Plaintiffs by Sirchie.

### Cross-Claim Count I – Contribution
### (Against Premier Biotech)

1.      Plaintiffs have alleged in their First Amended Complaint that Sirchie is liable to Plaintiffs for damages arising out of Premier's alleged negligence.  Sirchie  denies all liability.

2.      If judgement enters against Sirchie, Sirchie is entitled to contribution from Premier Biotech.

WHEREFORE, Sirchie demands contribution from Premier Biotech, as is provided by M.G.L. c. 231B.

**Cross-Claim Count II – Common Law Indemnification**
**(Against Premier Biotech)**

3.        Sirchie re-alleges paragraphs 1-2 of its Cross-Claim.

4.        If Sirchie is found liable to Plaintiffs, which it denies, then any such liability will

be derivative only and will result from the acts or omissions of Premier Biotech, without any active

negligence of Sirchie.

WHEREFORE, Walker demands judgment against Premier Biotech for common law

indemnity, together with its attorneys' fees, costs, and interest as provided by law.

**Jury Demand**

Sirchie demands a trial by jury on all of Plaintiffs' claims.

Respectfully submitted,

**SIRCHIE ACQUISITION CO. LLC**
By its attorneys,

/s/ Joseph M. Gesker, Jr.
Kenneth B. Walton, BBO #562174
Ken.Walton@lewisbrisbois.com
Joseph M. Gesker, Jr., BBO # 662815
Joseph.Gesker@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
One International Place, Suite 350
Boston, MA 02110
P: 857-313-3936
Dated:  October 27, 2022        F: 857-313-3951

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph M. Gesker, Jr., hereby certify that on October 27, 2022, a true and correct copy of the within document was served on all parties via the Electronic Case Filing System.

<u>/s/    Joseph M. Gesker, Jr.</u>
Joseph M. Gesker, Jr.