**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JULIAN GREEN and EUGENE IVEY, individually and on behalf of all other similarly situated, | Case No. 1:21-cv-11504-GAO |
| *Plaintiffs,* | |
| v. | **JOINT STATUS REPORT** |
| SIRCHIE ACQUISITION CO. LLC, and PREMIER BIOTECH, INC., | |
| *Defendants.* | |

Pursuant to this Court's December 6, 2023 email notice, the Parties submit the following joint status report.

**NATURE OF THE CASE**

Plaintiffs Julian Green and Eugene Ivey are currently or were formerly incarcerated in facilities managed by the Massachusetts Department of Correction (the "DOC"). Defendant Sirchie Acquisition Co. LLC ("Sirchie") is a Delaware corporation headquartered in North Carolina that, among other things, manufactures and sells the NARK 20023 drug test, which it advertises as being able to identify synthetic cannabinoids. Defendant Premier Biotech, Inc. ("Premier") is incorporated and headquartered in Minnesota. From 2017 to 2022, Premier sold Sirchie's NARK 20023 drug test to the DOC. DOC used NARK 20023 drug tests to test mail addressed to incarcerated people.

Plaintiffs allege that the NARK 20023 tests are faulty and have caused them injury. Specifically, Plaintiffs each allege that they were wrongfully punished, including by being placed in disciplinary confinement, because of a false positive NARK 20023 test result on legal mail addressed to them. Plaintiffs seek certification of a Recipient Class, as defined in the First Amended Class Complaint (the "Complaint," Dkt. 26), and they advance claims against both Sirchie and Premier for negligence and for violation of the Massachusetts Consumer Protection Law, General Laws Chapter 93A. On September 28, 2022, the Court denied Defendants' motion

to dismiss with respect to Plaintiffs' Recipient Class, which includes all people currently or formerly incarcerated in a Massachusetts DOC facility who were subjected to a NARK 20023 test.[1]

Defendants deny all Plaintiffs' claims. They also deny the case is amenable to class-wide adjudication.

## MATTERS TO BE DISCUSSED AT STATUS CONFERENCE

The parties agree that the central issues to discuss at the case management conference are (1) the state of discovery, and (2) the case schedule.

## I.    THE STATE OF DISCOVERY

Below, each party briefly summarizes its position on the state of discovery.

### A.    Plaintiffs' Position

#### 1.    Relevant Case History

Plaintiffs propounded their initial discovery requests in fall 2021. In January 2022, after Sirchie failed to timely respond to Plaintiffs' discovery requests, the parties agreed to stay discovery until the Court ruled on Defendants' then pending motions to dismiss.

On September 28, 2022, the Court denied Defendants' motions with respect to Plaintiffs in the purported Recipient Class, which includes all people currently or formerly incarcerated in a Massachusetts DOC facility who were subjected to a NARK 20023 test. The Court held that Plaintiffs' allegations in the Complaint "would support a finding that both defendants acted negligently." (Dkt. 66 at 7.) Specifically, it found that, in the circumstances alleged in the Complaint, Defendants had a duty of care to Plaintiffs because the harm caused by their inaccurate drug tests was eminently foreseeable and because Defendants were "the sole sources of training available to DOC." (Dkt. 66 at 8.) It also found that Defendants breached that duty if, as alleged in the Complaint, Sirchie failed to properly instruct DOC how to read its testing strips,

---

[1] The Court granted Defendants' motion as to Plaintiffs in the purported Sender Class—which included all people who sent mail to an individual incarcerated in Massachusetts DOC facilities that was subjected to a Sirchie test—on the ground that individuals in this proposed class lacked standing. (Dkt. 66 at 6-7.)

misled DOC employees about the risk of cross reaction (which causes false positive results), and downplayed the importance of confirmatory testing, and Premier misled DOC in its 2017 contract bid by failing to identify cross reactive agents and misrepresenting the error rate of Sirchie tests. (Dkt. 66 at 9.) The Court found that these same acts were also "deceptive and unfair business practices … that would constitute violations of Chapter 93A." (Dkt. 66 at 7, 12.)

Plaintiffs re-propounded their discovery requests the same day the Court issued its Order. On February 2, 2023—after a months-long dispute over discovery production—Plaintiffs filed a motion to compel Sirchie to produce discovery. (See Dkt. 79.) At a hearing on May 3, the Court ordered Sirchie to produce, by June 15, all documents it had not objected to producing. On September 26, the Court granted in part the remainder of Plaintiffs' motion to compel. It held that Sirchie had waived its objections to Plaintiffs' requests for production and interrogatories and ordered Sirchie to produce all responsive documents. (Dkt. 106.) Sirchie produced those documents on October 6.

2.      **State of Discovery**

The current deadline for fact discovery is January 28, 2024. The Court set that date, but no other case deadlines, because several aspects of discovery were uncertain, including the potential difficulty of obtaining information from the DOC, which alone holds some of the most important documents in this case.

The Court's approach was well-founded. Sirchie produced roughly 30,000 documents in mid-June. A few weeks later, based in part on documents they reviewed from the Sirchie production, Plaintiffs subpoenaed documents from DOC. After several multi-hour meet-and-confers and dozens of pages of correspondence extending over two months, DOC agreed to produce a portion of the documents Plaintiffs requested, subject to a protective order. The parties and DOC negotiated that protective order and submitted it to the Court for approval on October 31, 2023. The Court entered the protective order on November 21.

DOC produced responsive documents on November 27. Two days later, Plaintiffs discovered that, despite several meet and confers and extensive written correspondence, the DOC

had run the wrong search query, resulting in a search that omitted potentially critical documents from the production. On December 4, after extensive correspondence about DOC's defective search query, Plaintiffs informed the DOC that, because of its error, Plaintiffs would have no choice but to take the DOC's deposition in two parts. The first part would commence on December 13—a date the parties had scheduled long before—and the second part would commence, if necessary, when the DOC's completed its production. The DOC refused and unilaterally "cancelled" the December 13 deposition.

Regarding discovery between the parties, Plaintiffs attempted to schedule several depositions with both Defendants in September and October. Due to scheduling conflicts for Premier and its counsel, however, and in light of the delay in DOC's document production, the parties scheduled seven depositions for November 2023, including 30(b)(6) depositions of both Defendants, three depositions of Defendant employees, the deposition of Plaintiff Ivey, and the deposition of DOC. Plaintiffs took four of those depositions in November. Plaintiffs were forced to postpone the deposition of Premier's 30(b)(6) designee, which had been scheduled for December 6, due to Plaintiffs' counsel's illness. The parties anticipate completing that deposition in early January. Plaintiffs also recently noticed another deposition for January, and they anticipate noticing several more based on information they obtain during Premier's 30(b)(6) deposition.

Given the unavoidable delay in obtaining documents from DOC, DOC's unilateral cancellation of its December 13 deposition (which may force Plaintiffs to file a motion to compel), and the additional discovery DOC must now produce (which could take until February, DOC says), in addition to other reasons Defendants cite below, the parties jointly ask the Court to grant another sixty-day extension of the close of fact discovery—extending it from January 28, 2024, to March 28, 2024—as this additional time is necessary to properly conduct discovery. While Plaintiffs are eager to move this case forward, they note for the Court that another continuance may be necessary if the DOC cannot quickly supplement its deficient production, or

if the parties need additional documents from the DOC following review of the documents it recently produced and has yet to produce.

Plaintiffs also request that a Case Management Conference be scheduled in late February to assess the state of discovery and, if appropriate, to set additional case deadlines.

### B.    Premier's Position

#### 1.    Relevant Case History

On September 28, 2022, the Court granted in part and denied in part Defendants' Motions to Dismiss. Plaintiffs' initial claim included both named attorney Plaintiffs (the senders of legal mail allegedly subject to the Sirchie tests) and named prisoner Plaintiffs (the recipients of legal mail allegedly subject to the Sirchie tests). The Court granted the Motion to Dismiss as to the attorney Plaintiffs, finding that they did not have standing. (Dkt. 66 at 7.) The Court denied the Motion to Dismiss as to the prisoner Plaintiffs, finding that the prisoners pleaded sufficient facts to state plausible claims for relief at the Rule 12 stage. (*Id.* at 12.) Contrary to Plaintiffs' position as set forth above, the Court did not deny the Motion to Dismiss as to a "Recipient Class," as there is no certified class at the Rule 12 stage. Rather, the Court denied dismissal as to the named prisoner Plaintiffs only. (*See generally*, Dkt. 66.) After the Order, Premier filed an Answer denying all of Plaintiffs' claims.

Following the ruling on the Motion to Dismiss, the parties have re-engaged discovery efforts. The parties have made progress over the past several months and since the last status conference. More discovery is to follow, and those needs are summarized below.

#### 2.    State of Discovery

Premier has exchanged written discovery and document productions with both Plaintiffs and co-Defendant Sirchie. At this time, Premier does not anticipate much, if any, further written discovery or document production between itself and the other named parties.

Discovery with third-parties is ongoing, however, and proving time-consuming. Most importantly, the parties are still seeking discovery—including document production and deposition(s)—from the Massachusetts DOC ("MADOC"). Plaintiffs and Sirchie both have

pending third-party subpoenas to Massachusetts DOC seeking documents and information pertaining to this matter. The parties recently negotiated a protective order with MADOC, and accordingly, MADOC produced its "first tranche" of documents at the end of November. MADOC produced over 15,000 pages of records, which Premier is in the process of reviewing.

It is MADOC's agreement and understanding with the parties that this was an initial production only; MADOC understands that the parties will likely request and require further information after reviewing the initial tranche; for example, the parties likely will need to request housing transfer and hearing reports after reviewing the initial disciplinary reports. MADOC has stated that further production will take a substantial amount of time as it will need to pull, review, and redact voluminous records once requested by the parties. MADOC's counsel has indicated that with its trial schedule, further documents would likely not be produced until March of 2024 at the earliest, depending on when they are requested. Premier's position is that further discovery from MADOC is essential; at this stage, Premier has not issued its own subpoena to MADOC such as to not overburden a nonparty governmental entity, but Premier believes that complete responses to Plaintiffs' and Sirchie's subpoenas are necessary to move forward to expert discovery and the class certification phase given that Plaintiffs' claims against Premier are premised on the theory that Premier somehow misstated the reliability of NARK II field tests and that DOC somehow relied on the purported misstatement. That said, Premier may issue its own subpoena to MADOC if the parties do not agree about what is further necessary from MADOC. Premier thinks the parties will require further documents from MADOC before discovery can close. These requests will be made of MADOC—either as a supplemental request to a pending subpoena or by new subpoena, if necessary—once the entire 15,000 page document production is reviewed. These requests are separate and in addition to the further email searches that Plaintiffs are presently seeking from MADOC, further compounding the discovery being sought from MADOC, and likely causing further delays from the non-party as it seeks to comply with all discovery requests.

On the issue of depositions, the parties have made substantial progress on depositions. Throughout November, the parties conducted four depositions of Sirchie witnesses, including a deposition of its 30(b)(6) designee and several fact witnesses. A deposition of Premier's 30(b)(6) designee is being rescheduled to take place in 2024 after Plaintiffs' counsel cancelled the previously scheduled date due to an illness. A MADOC designee's deposition was scheduled for December 13, 2023, but Premier understands that MADOC cancelled this deposition. The parties are working to find another date for this deposition after MADOC has completed its document production. It is Premier's position that one or multiple depositions of MADOC witnesses are essential to this litigation; it is still reviewing MADOC's partial document production to determine what depositions are necessary, and Premier anticipates noticing one or more additional MADOC depositions once its review of the final production is complete.

Premier was compelled to postpone the depositions of the named Plaintiffs in light of the delay in receiving MADOC's document production. Premier needs MADOC's records relating to the two named Plaintiffs before deposing the Plaintiffs. Only some of the necessary documents regarding the Plaintiffs were produced in MADOC's "tranche one" of documents. Further document review and production will need to take place before Premier is able to reschedule the depositions of the Plaintiffs. These depositions will be scheduled as soon as possible once all necessary documents are received, however, as previously explained, DOC has stated that this production may not take place until possibly March of 2024.

In light of the above, a fact-discovery extension is necessary, at least until March of 2024. Depending on the progression of discovery—most specifically, the third-party discovery which parties have limited control over the timing of—more time may be necessary even in addition to what is agreed to now. Premier agrees that it would be prudent to schedule a case management conference in March to revisit the discovery deadline and to ascertain whether other case deadlines are able to be set at that time. At present, with the amount of outstanding discovery, Premier does not think it would be fruitful to set any case deadlines following the discovery

deadline, and it thinks that a more fulsome schedule should be discussed at the next case management conference, assuming the parties have made the necessary progress on discovery.

### C.   Sirchie's Position

#### 1.   Relevant Case History

Sirchie takes exception to the suggestion that the plaintiffs' claims have been proven as to Sirchie.  To the extent that the plaintiffs refer to the Court's Order on Sirchie's Motion to Dismiss, the Order speaks for itself.  In addition, Sirchie refers the court and the plaintiffs to the well established case law regarding motions pursuant to Fed. R. Civ. P. 12(b)(6) which holding that in deciding such a motion, a District Court Judge presumes the allegations of the complaint to be true for purposes of the motion, not for purposes of establishing the law of the case.  Linchoulas v. City of Lowell, 555 F.3d 10, 12 n.1 (1st Cir. 1998).  The plaintiffs'suggestion also glosses over Sirchie's allegation which has been and will be borne out in discovery that the NARK 20023 test is a presumptive test only and that positive results should be confirmed through laboratory testing.  Sirchie is not a law enforcement organization.  Sirchie has no authority to establish what may or may not constitute reasonable suspicion, probable cause or what may establish the standards utilized by the Massachusetts Department of Correction for imposing discipline on any inmate.

#### 2.   State of Discovery

The 30(b)(6) deposition of Sirchie has been concluded, as have depositions of Sirchie employees Andre Gilliard and Jennifer Paschall and an individual deposition of former Sirchie employee, Dyer Bennett.  Sirchie concurs with the other parties that obtaining document production from non-party Massachusetts Department of Correction has been problematic and that additional time will be needed to obtain that document production and to conduct a meaningful deposition of Massachusetts Department of Correction.  Also remaining to be completed are plaintiffs depositions and the deposition of a representative of Premier Biotech. Sirchie reserves the right to notice and/or subpoena additional documents as information becomes available through further discovery.

Sirchie concurs with the other parties that a further extension of the discovery deadline is appropriate.  Moreover, Sirchie does not believe the progress of this case merits any further formal scheduling at this time.  Sirchie agrees that it would be best to hold the next status conference closer to the end of the extended discovery deadline.

**II.      SETTLEMENT**

The Parties are exploring settlement but believe it is premature to engage the services of a mediator at this time.

## LOCAL RULE 16.3(B) CERTIFICATION

The parties met and conferred on December 8, 2023, pursuant to this Court's December 6, 2023, email notice.

Dated:  December 11, 2023


By: */s/ Ellen Leonida*

Ellen Leonida*
Matthew Borden*
Mitchell Stein*
Christman Rice*
Kory DeClark*
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel.: (415) 599-0210
leonida@braunhagey.com
borden@braunhagey.com
stein@braunhagey.com
rice@braunhagey.com
declark@braunhagey.com


Janet Herold (BBO No. 632479)
Benjamin Elga (BBO No. 697933)
**Justice Catalyst Law, Inc.**
40 Rector Street, Floor 9
New York, NY 10006
Tel: (518) 732-6703
jherold@justicecatalyst.org
belga@justicecatalyst.org


Max D. Stern (BBO No. 479560)
Lorraine Belostock (BBO No. 692183)
**Todd & Weld LLP**
One Federal Street, 27th Floor
Boston, MA 02110
Tel: (617) 720-2626
mdstern@toddweld.com
lbelostock@toddweld.com


**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Kenneth B. Walton*

Michael E. Coghlan (BBO No. 648540)
Kenneth B. Walton (BBO No. 562174)
**Lewis Brisbois Bisgaard & Smith LLP**
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3936
ken.walton@lewisbrisbois.com


**ATTORNEY FOR DEFENDANT
SIRCHIE ACQUISITION CO. LLC**


By:  */s/ Nathan Marcusen*

Nathan Marcusen, Esq.*
Claire Barlow, Esq.*
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
1600 Utica Ave. S., Suite 750
Minneapolis, MN 55416
Tel: (612) 464-4500
Fax: (612) 255-0739
Nathan.marcusen@nelsonmullins.com
Claire.barlow@nelsonmullins.com


Lyndsey A. Stults (BBO #687958)
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
One Financial Center, Suite 3500
Boston, MA 02110
Telephone: 617.217.4700
Facsimile: 617.217.4710
Lyndsey.stults@nelsonmullins.com


**ATTORNEYS FOR DEFENDANT
PREMIER BIOTECH, INC.**


*Admitted *pro hac vice*

11

## CERTIFICATE OF SERVICE

I, Ellen Leonida, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 11, 2023.

*/s/ Ellen Leonida*
Ellen Leonida
