IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN GREEN and EUGENE IVEY, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SIRCHIE ACQUISITION CO. LLC, and PREMIER BIOTECH, INC.,<br><br>*Defendants.* | Case No. 1:21-cv-11504-GAO (JGD)<br><br>**JOINT SUBMISSION** |

Plaintiffs Julian Green and Eugene Ivey, Sirchie Acquisition Co. LLC, and Premier Biotech, Inc. (collectively, "the Parties") respectfully submit the following joint submission as required by this Court's May 20, 2024, scheduling order.

**A.  Background**

Following the Court's May 20 order, the Parties conferred individually regarding the scope of discovery they need from the Massachusetts Department of Correction ("DOC") at this stage of litigation ("Phase Two discovery"). The Parties sent DOC an email, which DOC received on the morning of June 5, advising DOC of the results of their individual discussion and their joint Phase Two discovery requests. The Parties and DOC then met and conferred on June 6 regarding the scope of discovery and DOC's anticipated production timeline. Below, the Parties memorialize the agreement they reached with DOC regarding the scope of Phase Two discovery and positions on the selection and production schedule. The Parties sent a draft of this submission to DOC, which DOC received, reviewed, and approved on June 10.

**B.  Phase Two Production Plan**

**1.  The Scope of Phase Two Discovery**

Below is a list of the Parties' six Phase Two discovery requests and the Parties' and DOC's agreement regrading each.

- **Phase 2, Request 1**: *All documents memorializing the positive field test described in the disciplinary report, including color copies of any photographs of the color result from the test, as well as any notes, reports, or charts documenting how the test was performed, by whom, and the result.*

For Exemplars and for named Plaintiffs, DOC will produce all responsive documents,. DOC explicitly objected to any additional email searches and the Parties agreed that they do not currently require any additional emails and this request would not include any additional email searches. If the Parties later determine that they believe further emails are necessary for this phase of litigation, the Parties are aware that DOC will object to such a request and the Parties will need to seek such emails through the Court.

- **Phase 2, Request 2**: *All documents and correspondence DOC sent to any laboratory from which it sought a confirmatory or screening test related to the incident described in the disciplinary report.*

- **Phase 2, Request 3**: *All documents and correspondence DOC received from any laboratory from which it sought a confirmatory or screening test—including the UMASS Drugs of Abuse Lab (now UMASS Chan Medical School Lab) and State Police Crime Lab—documenting the result of the confirmatory or screening test, including lab certifications.*

For Exemplars and for named Plaintiffs, regarding Requests 2 and 3, DOC will produce all lab certifications and chain of custody forms in its custody or control. The Parties agree to allow DOC to mark all lab certifications with the corresponding identification number and at this time have no reason to believe that these markings are, or will be, incorrect.  The Parties further agreed that this request will not include any additional email searches, and that DOC will not provide any reports from UMASS Drugs of Abuse Lab (Chan Medical Schol Lab) and/or State Police Lab. If the Parties later determine that they believe emails or reports are necessary for this phase of litigation, the Parties are aware that DOC will object to such a request and the Parties will need to seek such documents through the Court.

- **Phase 2, Request 4**: *All documents concerning any punishment, discipline, or changes in conditions of confinement that relate to a positive NARK 20023 test, including all situations involving a change in housing assignment, employment assignment, or a loss of privileges, visitation, or educational, vocational, or other training-based opportunities.*

For Exemplars and for named Plaintiffs, DOC will produce all responsive documents for each exemplar, including (1) the most recent copy of the operative disciplinary report, (2) all other disciplinary reports (both preceding and post-dating the operative disciplinary report), (3) Restrictive Housing Unit Reviews redacted for sensitive information, (4) the most recent classification report, and (5) the inmate movement report associated with the operative disciplinary report. DOC has represented that, to the best of its knowledge, these documents exhaust the categories of responsive documents. If they Parties later determine that they believe additional responsive documents exist, which reflect what plaintiffs consider to be discipline under their theory of the case, the Parties are aware that DOC will object to any further request for production and that the Parties will need to identify such documents with specificity and request them through the Court.

- **Phase 2, Request 5**: *All documents related to any disciplinary hearing—including but not limited to any disciplinary hearing reports, witness statements, testimony, or physical evidence—conducted in connection with a disciplinary report.*

DOC will produce all responsive documents.

- **Phase 2, Request 6**: *All documents related to any investigations or internal recordkeeping conducted in connection with a disciplinary report.*

For Exemplars and for named Plaintiffs, DOC will produce all responsive documents regarding investigations related to the relevant D-report after the relevant D-report was initiated. DOC will produce investigation documents that pre-date the relevant D-report only if they are part of a contested disciplinary hearing. The Parties and DOC agreed that confidential informant information will not be provided beyond what is on the face of any disciplinary report except to

3

the extent it appears within the body of any disciplinary hearing report—including any testimony or exhibits, subject to necessary redactions—in which case it will be produced. If the Parties later determine that additional documentation pertaining to informant information are necessary, they are aware that DOC will object to any further request for production and the parties will need to identify such documents with specificity and will need to seek them through the Court.

## 2. The Production Schedule

DOC estimates that it needs six months to collect responsive documents. The Parties disagree about what should be done.

**Plaintiffs' Position.** Plaintiffs' position is that six months is unreasonable and that three months is more appropriate. Plaintiffs request a hearing so that the Court can resolve this dispute. (The Parties note that Ms. Handler, counsel for DOC, is on vacation from June 12-24. Plaintiffs request the earliest available date following Ms. Handler's return.)

**Premier's Position.** Premier defers to DOC's estimate as to what is a reasonable and appropriate production deadline, understanding that this is a large undertaking related to a complex, putative class-action matter, and the document review presumably cannot be outsourced to vendors given the potentially confidential or otherwise sensitive status of the information. Premier has no reason or basis to doubt DOC's representations that, in light of the volume of documents requested and the burden of collection, it will take approximately six months to complete the production. Premier does not believe a hearing is necessary on this matter.

**Sirchie's Position.** Sirchie does not have a factual basis for questioning DOC's estimated timeline. However, Sirchie agrees with Plaintiff's that six months seems like a lengthy period of time. From the meet and confer held on June 6, 2024, it appeared that DOC's estimate was a preliminary estimate only. It is Sirchie's position that MADOC should be asked to further

4

investigate the issue and either confirm its preliminary estimate, providing the bases for its estimate (volume of documents, lack of staff, etc), or provide an updated estimated production schedule, which may or may not (but hopefully will be) shorter.  Based on the results of MADOC's investigation and confirmation or revision of its estimate, the Plaintiff should be free to request a hearing.  However, pending the receipt of new information, Sirchie will likely defer to MADOC's good faith estimate.

### 3. The Exemplar Selection Schedule

Due to counsel for DOC's upcoming vacation from June 12–24, the Parties have agreed to select their exemplars and send to DOC by June 25.

Dated: June 10, 2024

By: */s/ Kory DeClark*
Kory DeClark*
Ellen Leonida*
Matthew Borden*
Mitchell Stein*
Christman Rice*
Eric Schlabs
**BraunHagey & Borden LLP**
351 California Street, 10th Floor
San Francisco, CA 94104
Tel.: (415) 599-0210
declark@braunhagey.com
leonida@braunhagey.com
borden@braunhagey.com
stein@braunhagey.com
rice@braunhagey.com
schlabs@braunhagey.com

Janet Herold (BBO No. 632479)
**Justice Catalyst Law, Inc.**
40 Rector Street, Floor 9
New York, NY 10006
Tel: (518) 732-6703
jherold@justicecatalyst.org

**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Michael E. Coghlan*
Michael E. Coghlan (BBO No. 648540)
Kenneth B. Walton (BBO No. 562174)
**Lewis Brisbois Bisgaard & Smith LLP**
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3936
Michael.Coghlan@lewisbrisbois.com
ken.walton@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT SIRCHIE ACQUISITION CO. LLC**

By: */s/ Nathan Marcusen*
Nathan Marcusen, Esq.*
Claire Barlow, Esq.*
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
1600 Utica Ave. S., Suite 750
Minneapolis, MN 55416
Tel: (612) 464-4500
Fax: (612) 255-0739
Nathan.marcusen@nelsonmullins.com
Claire.barlow@nelsonmullins.com

Lyndsey A. Stults (BBO #687958)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4700
Facsimile: 617.217.4710
Lyndsey.stults@nelsonmullins.com

**ATTORNEYS FOR DEFENDANT PREMIER BIOTECH, INC.**

*Admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

I, Kory DeClark, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 10, 2024.

*/s/ Kory DeClark*
Kory DeClark