IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN GREEN and EUGENE IVEY, individually and on behalf of all other similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>SIRCHIE ACQUISITION CO. LLC, and PREMIER BIOTECH, INC.,<br><br>*Defendants.* | Case No. 1:21-cv-11504-GAO (JDH)<br><br>**JOINT STATUS REPORT** |

The parties respectfully submit the following joint status report in anticipation of the status conference set for December 6, 2024.

**NATURE OF THE CASE**

Plaintiffs Julian Green and Eugene Ivey are currently or were formerly incarcerated in facilities managed by the Massachusetts Department of Correction ("DOC"). They brought this action seeking compensation for damages caused when, they allege, they were wrongfully punished, including incarceration in disciplinary confinement, because of false positive results from Defendant's NARK 20023 field drug tests. Defendant Sirchie Acquisition Co. LLC ("Sirchie") manufactures and sells the NARK 20023 drug test, which it advertises as being able to identify synthetic cannabinoids. Defendant Premier Biotech, Inc. ("Premier") sold Sirchie's NARK 20023 drug tests to DOC from 2014 to 2022. DOC used NARK 20023 drug tests to test various substances and items, including mail addressed to incarcerated people, including Plaintiffs. Plaintiffs claim that the NARK 20023 was faulty and officers at DOC were not properly trained in how to use them.

Plaintiffs seek certification of a Recipient Class, as defined in the First Amended Class Complaint (the "Complaint," Dkt. 26), and they advance claims against both Sirchie and Premier for negligence and for violation of the Massachusetts Consumer Protection Law, General Laws

Chapter 93A. On September 28, 2022, the Court denied Defendants' motion to dismiss with respect to Plaintiffs. (Dkt. 66.)

Defendants deny all Plaintiffs' claims; Defendants deny making any misrepresentations or deceptive statements about the NARK 20023 and deny any negligence. Defendants allege that with every NARK 20023 field test, MADOC was warned and instructed by language on the test kits that "ALL TEST RESULTS MUST BE CONFIRMED BY AN APPROVED ANALYTICAL LABORATORY! The results of this test are merely presumptive." Defendants also deny the case is amenable to class adjudication, as each instance of testing of suspected contraband raises a host of individual issues (e.g., was there a true false positive, did an individual plead guilty, was the individual disciplined, were there independent grounds for any discipline, etc.).

## **MATTERS TO BE DISCUSSED AT STATUS CONFERENCE**

The parties agree that the central issue to discuss at the case management conference is the state of DOC's discovery production.

### I.    PLAINTIFFS' POSITION

The parties have been working together productively to move the case forward. The main impediment has been obtaining records from DOC, which has sole possession of records demonstrating, among other things, how many times it used the defective test to punish class members. DOC has claimed that gathering these records for all potential class members would take over a year. The Parties' September 16, 2024 joint status report (Dkt. 160) provides a comprehensive summary of the Parties' discovery dispute with DOC and Judge Dein's resolution, which allowed DOC to produce certain exemplars identified by the parties, which would "serve as representative samples" of the rest of the class. (Dkt. 139 at 2.)

To date, DOC has produced discovery for Exemplars 1-29 and 32. Plaintiffs have reviewed those productions. In its status report filed on November 4, 2024, DOC reported a delay in its exemplar production and stated that it would produce discovery for all remaining exemplars on or before December 13, 2024.

2

The parties are currently working cooperatively to schedule Plaintiffs' 30(b)(6) deposition of DOC's representative and Defendants' depositions of Mr. Green and Mr. Ivey. All three depositions will likely occur in early January 2025. The current deadline for fact discovery is January 26, 2025.

After Judge Dein adopted the exemplar approach agreed upon by the parties, Defendants tried to renege on their agreement. As Plaintiffs explained in their September 16 status report (Dkt. 160) and reiterated the September 26 status conference, the 30 exemplars selected by the parties were always meant to be representative of the broader class. In light of the parties' agreement and the Court's adoption of the representative exemplar approach, Plaintiffs do not anticipate requesting additional discovery for the purposes of class certification. They do anticipate requesting additional discovery after the Court rules on Plaintiffs' motion for class certification—as contemplated by Judge Dein's order—and believe the Court may need to modify the fact discovery deadline to reflect that.

## II.   PREMIER'S POSITION

The parties have been working to move this case forward and have made significant progress since the last status conference. DOC has produced most of the exemplar files and has promised to complete the production by December 13, 2024. Premier has reviewed the exemplar files produced to date.

The next phase of discovery will focus on the remaining depositions. The parties are working to schedule a 30(b)(6) deposition of DOC's representative as well as the depositions of the named Plaintiffs, and we anticipate those depositions to take place in early January 2025. With respect to the DOC 30(b)(6) deposition, Premier hopes and anticipates that the parties will cover substantial ground at the upcoming deposition. However, given the numerous different issues at play in this case, depending on the course of the deposition, it is possible that that the parties may require: (a) more than the presumptive seven hours for DOC's 30(b)(6) deposition as contemplated by Fed. R. Civ. P. 30; and/or (b) depositions of several DOC fact witnesses in addition to the 30(b)(6) representative's deposition. The parties will meet and confer to attempt

to resolve these matters, especially the timing of the 30(b)(6) deposition, but they welcome the Court's guidance concerning whether the parties should preemptively move for additional time or directed time limits between the parties. If additional fact witness depositions are required, the parties may need a modest extension to the present fact discovery deadline.

Additionally, in Premier's subpoena to DOC, it requested documents and information about DOC's use of the relevant field tests that pre-date 2019 (the year in which DOC's production of D-Reports begins) and pre-date 2017 (the year in which the relevant contract between DOC and Premier was entered). Counsel for Premier and DOC have met and conferred and agreed that any pre-2019 or pre-2017 discovery concerning DOC's prior use of the tests and DOC's contracts with Premier could be pursued and addressed only after class certification is decided, as this discovery targets questions of liability rather than class certification. Premier and DOC do not currently agree about the scope of the necessary discovery, but because a decision on class certification will narrow the issues and provide clarity as to the relevant scope—and for efficiency's sake—Premier and DOC intend to agree to address these disputes only after an order on Plaintiffs' motion for class certification. Premier and DOC defer to the Court as to permissible discovery following class certification, but jointly agree that deferring the discovery until the next stage of the case would be most efficient and preferable.

## III. SIRCHIE'S POSITION

There was no agreement regarding the exemplars standing in for the entire class. Such a ruling by Magistrate Judge Dein would have been beyond her portfolio as Judge O'Toole referred the case to Judge Dein for discovery management, not for purposes of presiding over the motion for class certification. Our statements in every status update before and since make this position clear. At the hearing on the Motion to Compel Massachusetts DOC to produce documents, we indicated that we were not willing to accept truncated discovery, but if truncated discovery was imposed, we preferred the approach advanced by Premier Biotech. Judge Dein ordered the parties to engage in the exemplar selection and production program that has proceeded thus far. This in no way constituted an agreement to accept any lesser standard of

proof for class certification, for which the plaintiffs bears the burden.  There was no agreement along the lines that plaintiff suggests and therefore, nothing to renege on.

Regarding additional discovery, the parties are working with Massachusetts DOC to schedule the depositions of Mr. Green.  The parties are working cooperatively to schedule the depositions of Mr. Ivey, who is no longer incarcerated.  The Fed. R. Civ. P. 30(b)(6) deposition of Massachusetts DOC is currently scheduled for January 10, 2025.  Sirchie wishes to reserve rights on seeking further discovery until those depositions are concluded.  In addition, given that this case is somewhat science based, Sirchie requests that provisions be made for eventual depositions of plaintiffs experts.  Because expert depositions will reflect on issues that at least touch on certification, it is Sirchie's position that those depositions should take place before the class certification motion is filed.

Dated: December 5, 2024

By: */s/ Kory DeClark*
Kory DeClark*
Matthew Borden*
Christman Rice*
**BraunHagey & Borden LLP**
747 Front Street, 4th Floor
San Francisco, CA 94111
Tel.: (415) 599-0210
declark@braunhagey.com
borden@braunhagey.com
rice@braunhagey.com

Janet Herold (BBO No. 632479)
**Justice Catalyst Law, Inc.**
40 Rector Street, Floor 9
New York, NY 10006
Tel: (518) 732-6703
jherold@justicecatalyst.org

**ATTORNEYS FOR PLAINTIFFS**

By: */s/ Michael E. Coghlan*
Michael E. Coghlan (BBO No. 648540)
Kenneth B. Walton (BBO No. 562174)
**Lewis Brisbois Bisgaard & Smith LLP**
One International Place, Suite 350
Boston, MA 02110
Tel: (857) 313-3936
ken.walton@lewisbrisbois.com

**ATTORNEY FOR DEFENDANT
SIRCHIE ACQUISITION CO. LLC**

By: */s/ Nathan Marcusen*
Nathan Marcusen, Esq.*
Claire Barlow, Esq.*
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
1600 Utica Ave. S., Suite 750
Minneapolis, MN 55416
Tel: (612) 464-4500
Fax: (612) 255-0739
Nathan.marcusen@nelsonmullins.com
Claire.barlow@nelsonmullins.com

Lyndsey A. Stults (BBO #687958)
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
One Financial Center, Suite 3500
Boston, MA 02111
Telephone: 617.217.4700
Facsimile: 617.217.4710
Lyndsey.stults@nelsonmullins.com

**ATTORNEYS FOR DEFENDANT
PREMIER BIOTECH, INC.**

*Admitted *pro hac vice*

## **CERTIFICATE OF SERVICE**

I, Kory DeClark, hereby certify that this document filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on December 5, 2024.

                                             */s/ Kory DeClark*
                                                   Kory DeClark