UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JULIAN GREEN, EUGENE IVEY, JAMES P. MCKENNA, and LISA NEWMAN-POLK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SIRCHIE ACQUISITION CO. LLC, PREMIER BIOTECH, INC.,<br><br>Defendants. | Civil Action No. 1:21-cv-11504-GAO<br><br>**DECLARATION OF CLAIRE BARLOW IN SUPPORT OF DEFENDANT PREMIER BIOTECH, INC.'S MOTION TO COMPEL DISCOVERY FROM MADOC** |

I, Claire C. Barlow, state and allege as follows:

1. I am over the age of 18 years and am a citizen of the United States. I have personal knowledge of the facts set forth herein and am competent to testify to them.

2. I am counsel representing Defendant Premier Biotech, Inc. in this matter.

3. I submit this Declaration in support of Defendant's Motion to Compel Discovery from MADOC.

4. Sirchie is the exclusive provider of training on its products; Sirchie does not allow any third party, including Premier, to provide training related to the NARK tests.

5. Attached hereto as **Exhibit A** is a true and correct copy of an excerpt of Defendant Sirchie's corporate representative deposition.

6. Sirchie alleges it has produced all training records in its possession, and Sirchie's production does not show complete and regular training on behalf of all officers.

7. Indeed, it shows that only one of the officers conducting the named Plaintiffs' tests received the training at all.

8. Because MADOC is the only other party with access to records about its officers' training, Premier sought documents evidencing officers' training (among other information) from MADOC directly via a subpoena dated February 12, 2024.

9. Attached hereto as **Exhibit B** is a true and correct copy of Premier's subpoena to MADOC.

1

10. At MADOC's corporate representative deposition, MADOC testified that: it does maintain officers' training records, officers should be recertified every two years, and that the corporate representative recalled receiving training on NARK tests as early as 2007.

11. Attached hereto as **Exhibit C** is a true and correct copy of excerpts of MADOC's corporate representative deposition.

12. On February 4, 2025, counsel for Premier and counsel for MADOC met and conferred telephonically about Premier's limited request for officers' training information.

13. Premier conveyed that it sought MADOC's field drug test training records for: (1) Joshua A. Malonson, the officer performing Plaintiff Green's test; (2) Ivan A Colon Valentin, the officer performing Plaintiff Ivey's test; and (3) Jennifer Turgeon, MADOC's substance abuse coordinator and MADOC's corporate representative for purposes of this case.

14. Premier explained that this information was relevant to investigate Plaintiffs' theory that the officers were not properly trained, as well as whether training was relevant and uniform, who provided the training, and whether officers received similar training at any prior time on other products that would inform an officers' understanding of the NARRK tests and their use.

15. MADOC refused to provide records at that time, but the dispute was ultimately stayed while the Parties pursued mediation.

16. Following a mediation on April 16, 2025 that did not result in settlement, Premier renewed its requests to MADOC.

17. Counsel for Premier and MADOC met and conferred telephonically on April 18, 2025.

18. MADOC refused to provide records on two bases: (1) it worried that this discovery would "open the floodgates" of other requests from Plaintiffs and Sirchie; and (2) that production of officers' training records would need to come from their personnel files, which could contain sensitive information.

19. Premier explained that: (1) all other parties confirmed they were done with pre-certification discovery; and (2) it sought no confidential information from the personnel files, and in any event, any production was covered by a protective order.

20. MADOC sought further time to respond, and Premier sent a letter memorializing the request, as requested by MADOC.

21. Attached hereto as **Exhibit D** is a true and correct copy of Premier's 04/16/2025 letter to MADOC.

22. Premier and MADOC met and conferred again on April 25, 2025, where MADOC continued to object, but this time on different grounds, citing that it was burdensome to search for records and that such records may not even exist.

23. This time, MADOC described that it was willing to produce the three officers' training records, with substantial limitations: (1) MADOC would limit the time period to 2017 to 2022; and (2) MADOC would not produce training records for tests other than NARK.

24. With respect to the timing, Premier explained that pre-2017 records were necessary not only to understand the totality of an officer's training, but that the pre-2017 years were especially important since Sirchie changed its training sometime around 2016.

25. Premier wanted to know what training officers might have received prior to the training that is in place now.

26. And, Premier did not start selling NARK tests to MADOC until 2014; Premier wants to know what training MADOC might have received when it bought the tests from anyone other than Premier.

27. Indeed, MADOC's representative Lt. Turgeon testified that she remembered receiving training on the NARK product as early as 2007, which Premier would have had no knowledge of or involvement with.

28. With respect to the limitation to NARK tests only, Premier explained that training on other drug tests would be relevant to understand officers' experience with drug tests generally.

29. Training as to other types of presumptive drug tests would convey generally applicable information, including that drug tests can result in false-positive results and that presumptive tests should be confirmed with lab tests.

30. MADOC responded that it could not agree to produce anything more as it did not know what more existed.

31. Premier suggested that MADOC agree to search for and produce whatever is available and provide a written response concerning what it was unable to locate.

32. MADOC was unagreeable.

I declare under penalty of perjury that everything I have stated in this document is true and correct, and that this Declaration was executed on this 28th day of April, 2025 in Hennepin County, Minnesota.

By: */s/ Claire Barlow*
Claire Barlow, Esq.*
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
1600 Utica Ave. S., Suite 600
Minneapolis, MN 55416
Tel: (612) 464-4500
Fax: (612) 255-0739
claire.barlow@nelsonmullins.com

**ATTORNEYS FOR DEFENDANT PREMIER BIOTECH, INC.**

## **CERTIFICATE OF SERVICE**

        I hereby certify that on April 28, 2025, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court and served upon all counsel of record via the CM/ECF System.

Dated:    April 28, 2025                       */s/Claire C. Barlow*